UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
JAMEL MONROE,

               Plaintiff,

  -against-

THE CITY OF NEW YORK and
POLICE OFFICERS "JOHN DOES 1-10",
(whose names and shield #s are unknown),

              Defendants.
------------------------------------------------------x

"ECF CASE"

**Index No.** 13 CV 0792 (DLC)

**COMPLAINT**

**JURY DEMAND**

     Plaintiff, by his attorney, Philip Akakwam, Esq., complaining of the defendants, The City of New York and Police Officers "John Does 1-10", upon information and belief alleges as follows:

## INTRODUCTION

     1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985].

     2. Plaintiff seeks monetary damages for the use of excessive and unnecessary force against plaintiff by the defendant police officers, and otherwise, for the violation of Plaintiff's federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

**JURISDICTION**

3.  The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4.  Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction.

5.  Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

6.  The State law claims have a common nucleus of operative facts with the federally based claims and they arise out of the same transaction(s) and occurrence(s) giving rise to the Plaintiff's federally based claims and causes of action.

7.  Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed necessary and desirable and in the interest of justice in order to provide Plaintiff with a full and complete remedy for the violation of his rights.

**PARTIES**

8.  Plaintiff, a black male of full age, is a resident of the United States and the State of New York.

9.  The City of New York is a municipal entity existing under the laws and Constitution of the State of New York and was the employer of the defendant police officers "John Does 1-10" through its Police Department - New York City Police Department- and the actions of the police

officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York. Defendant City of New York was responsible for the hiring, retention, training, supervision and discipline of subordinate officers, including the named defendants herein.

10. At all times herein, individual defendants Police Officers "John Does 1-10" were employed as police officers of the City of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and the State of New York. The defendant Police Officers were the servants, agents, and employees of their co-defendant, the City of New York. Notwithstanding the wrongful and illegal nature of their acts and conduct as hereinafter described, they were taken in and during the course of their duties and functions as New York City Police Officers and incidental to the otherwise lawful performance of the same.

11. All conditions precedent to filing of this action have been complied with; notice of plaintiff's claim and his intention to sue thereon, and of the time when and the place where his injuries were sustained, was duly served and filed with the defendant City of New York on or about March 7, 2012, within ninety days after the claim alleged in this complaint arose.

12. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

13. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## FACTS COMMON TO ALL CAUSES OF ACTION

14. On or about January 24, 2012, at approximately 7:30 p.m., the plaintiff was attacked, brutally and savagely beaten and battered and otherwise assaulted on Seventh Avenue, at or near the intersection of 146th Street by defendant Police Officers John Does 1-10, individually and collectively, who acted together and in concert in the attack, assault, battery and beating.

15. On the date and time aforesaid, plaintiff was on Seventh Avenue near the corner of 146th Street when some plain clothes officers of the NYPD got out of their vehicles with guns drawn, ran up to plaintiff and attacked, assaulted and arrested him.

16. During the arrest, the police officers punched plaintiff in the face many times and one of the officers hit plaintiff in his jaw with the officer's gun. Then the officers placed plaintiff in handcuffs.

17. After plaintiff was put in handcuffs, the officers forcefully slammed plaintiff to the ground and two of the officers had their knees pressed hard on plaintiff's back.

18. And while plaintiff was lying on the cold ground in handcuffs, he was struck, kicked, hit and punched on different parts of his body by defendant officers John Does 1-10.

19. Also, during the aforesaid attack, one of the officers savagely bent and twisted plaintiff's right thumb causing severe pain to the plaintiff.

20. When some people who were present in the vicinity of this attack pleaded with the police officers to stop hitting and kicking the plaintiff, the officers pointed their guns at the people and threatened to take them to jail too if they did not "back off".

21. Thereafter, plaintiff was thrown into a police vehicle and transported to the 25th Police Precinct.

22. While in the police vehicle, plaintiff told the officers that he needed medical attention for the injuries he sustained from the assault but the officers deprived plaintiff of timely medical attention and instead threatened him with further harm if he continued to ask for medical attention.

23. At the precinct, plaintiff was fingerprinted, photographed and thrown into police cell.

24. Later, plaintiff was taken to Bellevue Hospital where he received treatment for the injuries suffered from the assault by defendant officers.

25. After treatment at the hospital, plaintiff was returned to the precinct from where he was later transported to Central Booking where he was detained until he was charged to court for drug related offenses.

26. As a result of the assault on plaintiff, he suffered severe injuries to his jaw and right thumb, and bruises and abrasions to his face. He also sustained injury to his wrists and other parts of his body.

27. Plaintiff was assaulted, battered, and subjected to excessive and unnecessary force.

28. As a direct and proximate result of the acts and omissions of the defendants described in this Complaint, plaintiff suffered violation of his federal constitutional rights. Also, plaintiff suffered physical injuries to various parts of his body and significant emotional distress, mental anguish and psychological trauma as a consequence of the assault and battery by defendant officers.

29. The Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

30. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for the violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

31. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct

32. The actions taken against plaintiff by the defendant Officers herein were also propelled by a policy and practice of the City of New York which promotes an "ends justifies the means" philosophy of combating crime including "quality of life" offenses which causes officers to often use excessive and unnecessary force to effect the arrest of individuals suspected of committing an offense. The said policy and practice falls disproportionately on persons of color.

33. For decades, through Police Department reports and civil litigation, defendant City and the NYPD have been aware of the routine, dangerous and unconstitutional use of excessive force by police officers in the arrests of unresisting suspects. Numerous civil litigations have revealed significant numbers of credible excessive force complaints from arrestees who had been seriously injured by police officers during arrest.

34. The defendant City and its policy making officials were aware of the pattern of a large number of incidents involving the use of unnecessary and/or excessive force resulting in serious injuries to arrestees and suspects and have failed to take sufficient steps to curb these abuses.

35. The actions of the defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and constitution of the United States; in particular, the rights to be free from defendants' use of excessive and unnecessary force and the right to be given access to medical treatment when injured and in custody of the police.

36. The policies and practices complained of herein also violate the rights of Plaintiff under the Constitution and laws of the City and State of New York.

37. The actions and conduct of the Officers and the policies and practices of the City of New York were negligent and the proximate cause of damages to the Plaintiff.

38. The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

39. At all times material hereto, each defendant acted intentionally, willfully and/or with reckless indifference for the rights of the plaintiff. Each defendant knew or should have known the brutal assault on plaintiff and the use of excessive and unnecessary force violated clearly established constitutional law.

40. The Plaintiff has no other adequate remedy at law but for this action.

### AND AS FOR A FIRST CAUSE OF ACTION

41. Plaintiff reiterates paragraphs 1 through 40 and incorporate such by reference herein.

42. Defendant Police Officers "John Does 1-10" brutally attacked plaintiff and used excessive and unnecessary force against him before, during, and after plaintiff's arrest thereby causing plaintiff to suffer serious physical injuries. The assault was carried out maliciously and sadistically for the very purpose of causing harm and not in good faith to maintain or restore

order, in violation of plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable, and unnecessary and wanton use of force. By violating plaintiff's constitutional rights under color of State Law, the Defendant Police Officers violated the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

43. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

### AND AS FOR A SECOND CAUSE OF ACTION

44. Plaintiff reiterates paragraphs 1 through 43 and incorporate such by reference herein.

45. Defendant Police Officers "John Does 1-10" brutally assaulted and battered Plaintiff causing him serious injuries, in violation of the Common Law. The assault and battery was willful, unlawful, unwarranted, and intentional and was carried out using excessive and unnecessary force.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

### AND AS FOR A THIRD CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

47. Plaintiff reiterates paragraphs 1 through 46 and incorporates such by reference herein.

48. The foregoing violations of plaintiff's federal constitutional rights and resultant injuries were directly, foreseeably and proximately caused by conduct, chargeable to defendant City of New York, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are arrested for alleged criminal activities.

49. Defendant City of New York failed to provide proper training and/or failed to insure that the training provided was adequately understood in regard to the amount of force necessary

to make an arrest.

50.  Defendant City of New York maintained unwritten customs and practices which permitted or condoned the use of excessive and unnecessary force against black arrestees. These customs and practices permit citizens to be subjected to disparately harsh law enforcement practices on account of their race. These customs and practices are demonstrated by the failure of said defendant City to properly investigate numerous complaints from citizens alleging such police misconduct and by their failure to take adequate remedial action where misconduct has occurred.

51.  The aforesaid deliberate or *de facto* policies, procedures, regulations, practices and/or customs (including the failure to properly instruct, train, supervise and/or discipline employees with regard thereto) were implemented or tolerated by policymaking officials for the Defendant City of New York, including but not limited to, the New York City Police Commissioner, who knew or should have known that such policies, procedures, regulations, practices and/or customs concern issues that regularly arise in the investigation and prosecution of criminal cases.

52.  During all times material to this Complaint, the Defendant City and its policy making officials owed a duty to the plaintiff and the public at large, which they knowingly and intentionally breached, or to which they were deliberately indifferent, to implement policies, procedures, customs, practices, training and discipline sufficient to prevent or deter conduct of their employees violating the aforementioned constitutional rights of innocent members of the public including plaintiff.

53. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

54. The defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that said policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

55. The aforesaid policies, procedures, regulations, practices and/or customs of Defendant City and its police department, the NYPD, were collectively and individually a substantial factor in bringing about the aforesaid violations by the individual police defendants of plaintiff's rights under the Constitution and laws of the United States.

56. By virtue of the foregoing, Defendant City of New York is liable for having substantially caused the foregoing violations of Plaintiff's constitutional rights and his constitutional injuries.

**AND AS FOR A FOURTH CAUSE OF ACTION**

57. Plaintiff reiterates paragraphs 1 through 56 and incorporates such by reference herein.

58. By subjecting plaintiff to excessive and unnecessary force and depriving him of equal protection of the laws, defendants deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) of the New York State Constitution.

59. In addition, the defendant officers conspired among themselves to deprive plaintiff of

his constitutional rights secured by Article 1, § 11 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

60. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of his constitutional rights secured by Article 1, § 11 of the New York State Constitution.

61. Defendants, their officers, attorneys, agents, servants and employees were responsible for deprivation of Plaintiff's State Constitutional rights. Defendant City, as employer of each of the defendant officers, is responsible for their wrongdoing under the common law doctrine of *respondeat superior.*

62. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

### AND AS FOR A FIFTH CAUSE OF ACTION: NEGLIGENCE

63. Plaintiff reiterates paragraphs 1 through 62 and incorporates such by reference herein.

64. The conduct of defendant officers, as described herein, was negligent and the proximate cause of the violation of the Plaintiff's rights and the injuries and damages which he suffered.

65. By reason of and as a consequence of said conduct, plaintiff suffered injuries and damages.

## AND AS FOR A SIXTH CAUSE OF ACTION

66. Plaintiff reiterates paragraphs 1 through 65 and incorporates such by reference herein.

67. Plaintiff was deprived a timely medical attention for the injuries he sustained during his arrest by defendants, in violation of plaintiff's rights under the Eight Amendment to the Constitution of the United States.

68. By reason of and as a consequence of said conduct, plaintiff suffered injuries and damages.

## AND AS FOR A SEVENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES

69. Plaintiff reiterates paragraphs 1 through 68 and incorporates such by reference herein.

70. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical injuries and mental abuse sustained by plaintiff.

71. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

72. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

73. By virtue of the foregoing, defendant City of New York is liable to plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants and/or employees employed by the NYPD with regard to their aforementioned duties.

74. Upon information and belief, defendant City of New York's negligence in hiring and retaining the defendant officers proximately caused plaintiff's injuries.

## JURY DEMAND

75. Plaintiff demands trial by jury in this action.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

v. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
February 4, 2013

_____/s/_____
Philip Akakwam, Esq. (PA-8294)
Attorney for the Plaintiff
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

Index No. 13 CV 0792 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMEL MONROE

                        Plaintiff,

-against-

THE CITY OF NEW YORK and
POLICE OFFICERS "JOHN DOES 1-10"
(whose names and shield #s are unknown),

                        Defendants.

---

# COMPLAINT

---

PHILIP AKAKWAM, ESQ.
Attorney for Plaintiff
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

---

TO:

---

Service of a copy of the within is hereby admitted.

Dated:

14